IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karl Williams,                                    :
                        Petitioner              :
                                                 :    No. 1090 C.D. 2020
              v.                                 :
                                                 :    Submitted: June 4, 2021
City of Philadelphia (Workers'                  :
Compensation Appeal Board),                     :
                        Respondent              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: August 6, 2021


          Karl Williams (Claimant) petitions for review from the October 14, 2020 order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) granting Claimant's petition to reinstate total disability benefits based upon an unconstitutional impairment rating evaluation (IRE) and *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*). *See Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, *Protz II*. The issue before this Court is whether the WCJ erred in reinstating Claimant's benefits as of October 7, 2015, the date he filed his reinstatement petition. Applying binding precedent from this Court, we affirm the Board.

## Background

The relevant facts are undisputed and may be summarized as follows. On February 21, 2008, Claimant sustained a work-related injury while employed by the City of Philadelphia (Employer). On May 20, 2011, Claimant underwent an IRE, as previously provided for in former section 306(a.2)(1) of the Workers' Compensation Act (Act),[1] which stated that physicians must use "the most recent edition" of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides). *Formerly* 77 P.S. §511.2(1).[2] The IRE was conducted by applying the Sixth Edition of the AMA Guides and determined that Claimant had an 8% whole body impairment. Subsequently, Employer filed a modification petition, which was granted by agreement of the parties in a WCJ's decision and order circulated on February 10, 2012. Consequently, with Claimant's impairment level falling below 50%, Claimant's status automatically converted, as a matter of then statutory law, from total to partial disability, effective May 20, 2011, 2007, for a period of 500 weeks.[3] (WCJ's decision and order, 2/10/2012, at 1.) Significantly, Claimant did not appeal the WCJ's decision and order converting his disability status from total to partial.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] Added by section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111.

[3] Former section 306(a.2) of the Act provided for modification from total to partial disability when a claimant was shown to have an impairment rating of less than 50%. Although a change in status from total to partial disability under section 306(a.2) did not alter the rate of compensation, the practical effect was to limit the receipt of partial disability benefits to 500 weeks. *Whitfield*, 188 A.3d at 602 n.2; *see* section 306(b)(1) of the Act, 77 P.S. §512(1) (limiting a claimant's receipt of partial disability benefits to 500 weeks).

Instead, on October 17, 2015—more than three and a half years after the WCJ's decision—Claimant filed the instant reinstatement petition, arguing that the IRE was invalid and unconstitutional under *Protz I*, wherein this Court held that former section 306(a.2) of the Act was an unconstitutional delegation of legislative power because it provided that an IRE should be performed under the "most recent" version of the AMA Guides, and the AMA Guides have been revised and replaced with new editions and medical standards to evaluate bodily impairment following the legislature's enactment of the statutory section. *Protz I*, 124 A.3d at 416. We directed that future IREs must utilize the Fourth Edition of the AMA Guides, which was the version in effect at the time section 306(a.2) was enacted. *Id.* at 417. By decision and order circulated on April 5, 2017, the WCJ denied Claimant's reinstatement petition because, in the modification proceedings, Claimant had agreed to the change in disability status under the law as it existed at the time and had not preserved a constitutional challenge to his IRE or former section 306(a.2). (WCJ's decision and order, 4/5/2017, at 1-3.)

Claimant appealed to the Board. During the pendency of that appeal, on June 20, 2017, our Supreme Court decided *Protz II*, wherein the High Court affirmed this Court's decision in *Protz I* but struck down former section 306(a.2) in its entirety, including the IRE procedure contained therein. In response to *Protz II*, the legislature enacted the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Act 111 repealed section 306(a.2) and replaced it with section 306(a.3) of the Act, 77 P.S. §511.3. Under current section 306(a.3), an IRE must be conducted in accordance with the Sixth Edition of the AMA Guides, specifically the second printing in April of 2009, and a claimant's whole body impairment must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. §511.3.

Furthermore, on June 6, 2018, this Court issued *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*). In that case, we held that for a claimant to receive reinstatement of total disability benefits based on a *Protz* decision and an unconstitutional IRE, a claimant must demonstrate that he/she continues to be disabled from the work injury. *Id.* at 616. We further held that if a claimant makes such a showing, he/she is entitled to reinstatement as of the date he/she filed the reinstatement petition. *Id.* Ultimately, in light of these then-recent changes in the case law and statutory law, the Board issued an opinion on February 28, 2019, remanding the matter to the WCJ for further proceedings. (Board's decision, 2/28/2019, at 2-4.)

On remand, the parties stipulated that Claimant continues to be disabled and that no additional evidence would be submitted. By decision and order circulated on December 10, 2019, the WCJ granted Claimant's reinstatement petition and, in accordance with *Whitfield*, reinstated Claimant's total disability status effective October 7, 2015, the date he filed the petition. Claimant then filed another appeal to the Board, asserting that the WCJ erred in determining that the correct date for reinstatement of total disability benefits was the date on which he filed the reinstatement petition. According to Claimant, his total disability status should have been reinstated as of May 20, 2011, the date his status was initially changed from total to partial, because Employer's modification petition was granted pursuant to an unconstitutional statute and *Protz II* voided his IRE *ab initio*. Citing our decisions in *Whitfield* and *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020) (*en banc*), the Board disagreed and affirmed the

4

WCJ. (WCJ's decision and order, 12/10/2019, at 3-5; Board's decision, 10/14/2020, at 1-7.) Thereafter, Claimant filed a petition for review in this Court.[4]

**Discussion**

Claimant contends that the Board erred as a matter of law because the IRE that originally changed his status from total to partial disability was determined to be unconstitutional and that, under *Protz II*, his total disability benefits should have been restored as of the date of the unconstitutional IRE, and not that date he filed his reinstatement petition. In presenting this argument, Claimant candidly acknowledges that in *Whitfield* and *White*, this Court has held that where, as here, the validity of an IRE was not challenged via a *Protz* decision during direct review, "the reinstatement is the date of the reinstatement petition." (Claimant's br. at 9.)

Nonetheless, Claimant asserts that the Supreme Court's decision in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), somehow undermined this Court's case law and that our decisions should be overruled. In this respect, Claimant maintains that, if *Whitfield* and *White* were applied to his case, Employer could effectively receive credit for weeks that it paid partial disability benefits pursuant to an unconstitutional IRE and statutory scheme. Claimant maintains that since *Protz II* declared that former section 306(a.2) was unconstitutional in its entirety, an employer cannot obtain credit "that was created by the original unconstitutional law." (Claimant's br. at 10.) In other words, Claimant argues that he would essentially be deprived of his statutory right to

---

[4] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

receive 500 weeks of partial disability benefits because his benefits should not have been reduced from total to partial in the first place.

Unfortunately for Claimant, a substantially similar argument was presented to and rejected by an *en banc* panel of this Court in *White*. In that case, we reviewed *Dana Holding Corporation* and curtailed that decision to the situation where a claimant preserves a *Protz*-based challenge to an IRE during direct review of the proceedings that initially resulted in the status change from total to partial disability. In such a scenario, we explained, a claimant is entitled to full retroactive application of the *Protz* decisions, and, consequently, the date of the IRE and conversion from total to partial disability will mark the date of reinstatement of total disability benefits. However, this Court in *White* also reaffirmed our decision in *Whitfield*, and, in so doing, distinguished it from *Dana Holding Corporation*. We clarified that under *Whitfield*, the result is different when a claimant challenges an IRE on *Protz* grounds, not on direct review, but in a new petition after the decisions in either *Protz I* or *Protz II* were issued. This Court held that, in this particular scenario, and in contrast to *Dana Holding Corporation*, a claimant "is entitled to reinstatement as of the date of [the] reinstatement petition, not the effective date of the change in her disability status from total to partial." *White*, 237 A.3d at 1231.

Here, as in *White*, Claimant had his benefits modified from total to partial disability based on a 2011 IRE, and he did not appeal from the WCJ's decision and order granting Employer's modification petition. Claimant also did not file his present petition contesting the IRE and seeking reinstatement until October 17, 2015, after this Court decided *Protz I*. As a result, our decision in *White* is controlling authority in this matter and compels the conclusion that the Board did not err in affirming the WCJ's determination that Claimant's date of reinstatement was the date

6

he filed his reinstatement petition. *See White*, 237 A.3d at 1231 ("In the present matter, [the claimant] was not litigating the underlying IRE when *Protz II* (or for that matter *Protz I*) was issued. [The claimant's] modification from total to partial disability was effective in 2013 and had not been appealed. Accordingly, [the claimant] is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial."); *see also Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551, 555-56 (Pa. Cmwlth. 2020) (*en banc*) (reiterating that, pursuant to *White*, when a claimant files a petition for reinstatement following the decisions in either *Protz I* or *Protz II*, and demonstrates an ongoing disability from a work injury, "the claimant is entitled to reinstatement as of the date the claimant's petition was filed").

Moreover, in *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986 (Pa. Cmwlth. 2020), this Court recently reaffirmed *Whitfield*. In *Weidenhammer*, the claimant argued that *Protz II* "voided her IRE *ab initio*," and, "thus, she [was] entitled to a reinstatement of total disability compensation." *Id.* at 989. The claimant also contended "that *Whitfield* was wrongly decided and should be overruled," *id.*, because it "is contrary to the directive that the Act be liberally construed in favor of the injured worker." *Id.* at 995. However, this Court soundly rejected the claimant's arguments. More specifically, we held "that the ruling in *Protz II* was not intended to be given a fully retroactive effect," *i.e.*, to authorize reinstatement per se, and narrowed "the availability of [its] new rule of law to litigants who had preserved the issue" during direct review. *Id.* at 994. We also dismissed the claimant's "argument that *Whitfield* was wrongly decided and should be overturned" and determined that the claimant's "statutory right to total disability compensation had been extinguished at the point in time that she filed her

7

reinstatement petition." *Id.* at 994-96. Later, in *Perillo v. Workers' Compensation Appeal Board (Extended Healthcare Services, Inc.)* (Pa. Cmwlth., No. 649 C.D. 2020, filed March 3, 2021) (unreported),[5] this Court clarified *Weidenhammer* and expressly concluded that a claimant "has no vested right to [] benefits" and, thus, "no entitlement to reinstatement of [] total disability effective as of [the date of the] IRE." *Id.*, slip op. at 5.

Applying our binding precedent to the facts of this case, we conclude that our precedent forecloses Claimant's arguments. Accordingly, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] We cite *Perillo*, an unreported decision, for its persuasive value in accordance with section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Karl Williams,                    :

           Petitioner        :

                                   :    No. 1090 C.D. 2020

           v.                   :

                                     :

City of Philadelphia (Workers'      :

Compensation Appeal Board),       :

           Respondent     :

## ***ORDER***

AND NOW, this 6th day of August, 2021, the October 14, 2020 order of the Workers' Compensation Appeal Board is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge